**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry M. Atkins, | No. CV-14-02706-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Calypso Systems Incorporated, | |
| Defendant. | |

Before the court are Defendant's Motion to Dismiss Complaint (Doc. 9), the Response (Doc. 14), and the Reply (Doc. 15). For the reasons that follow, the Motion will be granted.

On June 18, 2007, Defendant entered into a Memorandum of Understanding with Adventure Ventures, LLC, pursuant to which Adventure loaned Defendant $125,000 at an annual interest rate of 6%. (Doc. 1 at 2.) In return, Adventure received "a senior security interest in position to all other Notes or debt instruments of [Defendant], including but not limited to, series A – E convertible debentures, accrued salaries and wages, and commercial accounts payable." (*Id.*) Adventure loaned Defendant an additional $12,000 on February 19, 2008. (*Id.*) The Memorandum of Understanding was superseded on August 11, 2008, by an Extension Agreement that gave Defendant until December 17, 2008, to repay all outstanding principal and interest. (*Id.*) The Extension Agreement granted Adventure the right to convert any remaining principal and interest to common stock in the event that Defendant undertook an initial public offering. (*Id.* at 2-

3.)  Adventure "assigned all of its right and title in the loan and security interests with [Defendant]" to Plaintiff on December 1, 2014.  (*Id.* at 3.)  When Defendant allegedly "failed to complete an Initial Public Offering or meet the conditions precedent," Plaintiff filed this breach-of-contract action on December 17, 2014.  (*Id.*)

The instant Motion seeks dismissal of Plaintiff's Complaint (Doc. 1) on the grounds that (1) Plaintiff failed to effect proper service of process, (2) the court lacks personal jurisdiction over Defendant, and (3) Plaintiff has not stated a claim upon which relief can be granted.

"Service of process is the *mechanism* by which the court [actually] acquires the power to enforce a judgment against the defendant's person or property. In other words, service of process is the means by which a court asserts its jurisdiction over the person." *Robinson v. Heritage Elementary Sch.*, No. CV-09-0541-PHX-LOA, 2009 U.S. Dist. LEXIS 50396, at *4-5 (D. Ariz. June 3, 2009) (brackets and emphasis in original) (citations and internal quotation marks omitted).

When bringing suit against a corporation, a plaintiff must serve the defendant by either 1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or 2) "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1) (cross-referencing Fed. R. Civ. P. 4(e)(1)).  Under Arizona law, service upon "a domestic or foreign corporation . . . from which a waiver has not been obtained and filed, shall be effected by delivering a copy of the summons and of the pleading to a partner, an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Ariz. R. Civ. P. 4.1(i).

According to a Declaration sworn by Eden Kim, Defendant's chief executive officer, no partner, officer, or authorized agent was personally served with Plaintiff's Complaint.  (Doc. 9-1 at 1-2.)  On February 10, 2015, Kim "found the Complaint and

related papers," which "appeared to have been slid or forced under the door," on the floor of Defendant's office.  (*Id.*)  Kim also discovered a voicemail on the "company line" from someone purporting to be a process-server, who reported that "he had slid the Complaint under the door at the offices."  (*Id.* at 2.)

Plaintiff attempts to rebut this evidence through an "Affidavit of Service" (Doc. 8) filed with the court on March 2, 2015.  The process-server who signed that affidavit declares that on February 9, 2015, he visited Defendant's principal place of business in Santa Clara, California, where he delivered the Summons and Complaint to "John Doe, Refused Name, Apparently In Charge."  (Doc. 8.)  John Doe is described in the affidavit as "Age: 55, Sex: M, Race/Skin Color: Asian, Height: 5-9, Weight: 150, Hair: Black, Glasses: Y."  (*Id.*)  In its Reply, Defendant asserts that Kim, the company's only officer, does not match this description.  (Doc. 15 at 3 n.1.)

Even assuming the process-server delivered the Summons and Complaint in person, rather than stuffing then under the door of Defendant's office, Plaintiff has not complied with the requirements for service of process.  The affidavit provides no basis to conclude that the person who allegedly accepted process at Defendant's office serves in any of the positions enumerated in the federal or Arizona rules.  Without some indication that John Doe is a partner, officer, or managing or general agent for Defendant, Plaintiff cannot carry his burden of showing that service was effective.  *See Kruska v. Perverted Justice Found.*, No. CV-08-0054-PHX-SMM, 2009 U.S. Dist. LEXIS 112892, at *3 (D. Ariz. Nov. 16, 2009) ("Where the validity of service is disputed, the burden is on the party claiming proper service to establish the validity of service." (citation omitted)).  And contrary to Plaintiff's suggestion, a defendant does not waive its objection to insufficient service of process by filing a motion to dismiss.  *See id.* at *7-8 (citing Fed. R. Civ. P. 12(b)).  Accordingly, the court will quash the purported service of process and permit Plaintiff to attempt to effect valid service.

Even if Plaintiff succeeds in properly serving process, however, it is doubtful that, on the pleadings now before the court, Plaintiff could survive a motion to dismiss for lack

of personal jurisdiction.  "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. In such cases, [courts] only inquire into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (alterations, citations and internal quotation marks omitted).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. Because [Arizona's] long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same."  *Id.* at 800-01 (citations omitted); *see also A. Uberti & C. v. Leonardo*, 181 Ariz. 565, 569, 892 P.2d 1354, 1358 (1995) ("Arizona will exert personal jurisdiction over a nonresident litigant to the maximum extent allowed by the federal constitution." (citations omitted)).  Personal jurisdiction can be either specific or general.  " 'Specific' or 'case-linked' jurisdiction depends on an affiliation between the forum and the underlying controversy (*i.e.*, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation). This is in contrast to 'general' or 'all purpose' jurisdiction, which permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (*e.g.,* domicile)."  *Walden v. Fiore*, 134 S. Ct. 1115, 1121 n.6 (2014) (alteration, citations and internal quotation marks omitted).  On the current record, it is apparent that neither kind of personal jurisdiction exists.

"For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state. This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801 (citations and internal quotation marks omitted).

Here, Plaintiff's sparse three-page Complaint provides no basis for finding that the court has general jurisdiction over Defendant.   The Complaint alleges only that Defendant "is a duly organized California corporation with its known principal place of business" in Santa Clara, California.  (Doc. 1 at 1.)  There is no allegation that Defendant has any offices in Arizona, that it regularly sends its employees here to transact business, or that it enters into contracts with Arizona residents on a regular basis.  Plaintiff cannot show that Defendant's "continuous and systematic general business contacts" with Arizona "approximate physical presence" in the state.

As for specific jurisdiction, courts focus on "the relationship  among the defendant, the forum, and the litigation."  *Walden*, 134 S. Ct. at 1121 (citations and internal quotation marks omitted).   In deciding whether a "defendant's suit-related conduct . . . create[s] a substantial connection with the forum State," courts consider two factors.  *Id.* at 1121-22.  "First, the relationship must arise out of contacts that the defendant *himself* creates with the forum State."  *Id.* at 1122 (emphasis in original) (citation and internal quotation marks omitted).

Second, the defendant must have "minimum contacts" with the forum state, as evidenced by "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there. . . . Accordingly, [the Supreme Court] ha[s] upheld the assertion of jurisdiction over defendants who have purposefully reached out beyond their State and into another by, for example*,* entering a contractual relationship that envisioned continuing and wide-reaching contacts in the forum State."  *Id.* (alterations, citations and internal quotation marks omitted).  "But the plaintiff cannot be

1   the only link between the defendant and the forum. Rather, it is the defendant's conduct
2   that must form the necessary connection with the forum State that is the basis for its
3   jurisdiction over him." *Id.* (citations omitted).  The Supreme Court has therefore rejected
4   the idea that "an individual's contract with an out-of-state party *alone* can automatically
5   establish sufficient minimum contacts in the other party's home forum."  *Id.* at 1122-23
6   (emphasis in original) (citation and internal quotation marks omitted).  "To be sure, a
7   defendant's contacts with the forum State may be intertwined with his transactions or
8   interactions with the plaintiff or other parties. But a defendant's relationship with a
9   plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at
10   1123 (citation omitted).

11          In this case, Plaintiff's Complaint alleges that Defendant, a California corporation,
12   entered into a Memorandum of Understanding with Adventure Ventures.  Because it is
13   not clear in which states Adventure Ventures is incorporated or has its principal place of
14   business, the Memorandum of Understanding cannot provide the basis for specific
15   jurisdiction. (*See* Doc. 1 at 2.)  Although the Complaint does not allege it, Defendant
16   apparently acknowledges in its Motion that it engaged in some kind of transaction with
17   Plaintiff, an Arizona resident, who converted Defendant's unpaid debt into shares in the
18   company. (Doc. 9 at 6.)  But this transaction alone is insufficient to establish specific
19   jurisdiction, as "the plaintiff cannot be the only link between the defendant and the
20   forum." *Walden*, 134 S. Ct. at 1122.  The Complaint does not allege that Defendant's
21   transaction with Plaintiff "envisioned continuing and wide-reaching contacts" in Arizona,
22   or that Defendant has any further contacts with Arizona. *Id.*  A vague assertion that the
23   "complaint arises out of events caused by [Defendant] that occurred in Maricopa County,
24   Arizona" (Doc. 1 at 2) does not carry Plaintiff's burden.

25          It appears unlikely that the court possesses personal jurisdiction over Defendant.
26   Nevertheless, Plaintiff will be permitted one more opportunity to serve the Summons and
27   Complaint in conformity with the federal rules.  Before service, Plaintiff may amend his
28   complaint to allege facts sufficient to support the court's exercise of jurisdiction over

Defendant.  If he manages to serve process properly and Defendant subsequently files another motion to dismiss, Plaintiff will bear the burden of demonstrating that personal jurisdiction is proper.

Resolving the instant Motion does not require deciding whether Plaintiff has failed to state a claim upon which relief can be granted.  The court therefore does not address that question.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Complaint (Doc. 9) is granted to the extent that the purported service of process is quashed for insufficient service of process.

IT IS FURTHER ORDERED that Plaintiff may serve process on Defendant no later than May 1, 2015.  If by May 4, 2015, Plaintiff has not filed proof of service of process, the Clerk shall terminate this case.

Dated: April 1st, 2015.

Neil V. Wake
United States District Judge